**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CHRISTOPHER BALL | ) | Case No. 22-C-0005 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Lynn Adelman |
| vs. | ) | |
| | ) | **TESLA, INC.'S MOTION TO COMPEL** |
| TESLA, INC., | ) | **BINDING ARBITRATION AND DISMISS** |
| | ) | **THE ACTION** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**TESLA, INC.'S MOTION TO COMPEL BINDING ARBITRATION AND DISMISS THE ACTION**

Tesla, Inc. ("Tesla") submits this Memorandum in Support of its Motion to Compel Arbitration and Dismiss the action.

**I.      INTRODUCTION AND RELIEF SOUGHT**

Plaintiff Christopher Ball ("Plaintiff") consented to the terms of an online Motor Vehicle Order Agreement ("Order Agreement" or "MVOA") when he ordered a Tesla Model Y ("Vehicle") from Tesla which requires him to resolve any disputes concerning the purchase or condition of the automobile by arbitration on an individual basis, if either party so selects. On January 28, 2022, Tesla requested that Plaintiff stipulate to arbitrate, but Plaintiff did not agree to do so. (Exhibit A, Correspondence between Plaintiff and Defense Counsel). However, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, the Wisconsin Arbitration Act, and Wisconsin's binding case law, requires Plaintiff to honor his agreement in accordance with the Order Agreement.

**BACKGROUND**

**A.  The Parties' Arbitration Agreement**

As Plaintiff alleges in his Complaint, on or about December 3, 2021 Plaintiff placed his order

1

for the Vehicle on Tesla's website. (Exhibit B, Plaintiff's Complaint at 3). When placing the order for the Vehicle, Plaintiff accepted the terms and conditions of the Order Agreement (Exhibit C, Order Agreement). In order for Plaintiff to place his order for the Vehicle, he had to do so online via Tesla's computerized ordering process. (Exhibit D, Kim Declaration at ¶ 3). This process requires Plaintiff to click a button that read "Place Order." (*Id.* at ¶ 4.) Plaintiff would not have been able to place the order for the Vehicle without clicking this button on Tesla's website or authorizing someone to do so on his behalf. (*Id.*) Importantly, immediately above the "Place Order" button would have appeared text in bold font advising Plaintiff that by clicking "Place Order" he would be agreement to the terms and conditions of the Motor Vehicle Order Agreement. (*Id.*) The MVOA appeared in bold font and was displayed as a hyperlink. (*Id.*) If Plaintiff clicked on this hyperlink, a new window would have opened revealing the agreement or policy described in the hyperlink. (*Id.*) The Order Agreement is accessible to customers on their mytesla.com account for as long as the customer owns the vehicle. (*Id.* at ¶ 8).

The MVOA unequivocally demonstrates that the "Order placed with electronically accepted terms" and a $250 Order Fee was placed on December 3, 2021. (Exhibit C at 1). The MVOA's Terms and Conditions are effective as of the date the order was placed. (Exhibit C at 2). The MVOA's Terms and Conditions are an easy-to-read four-page document. (Exhibit C). Page 3 of the MVOA contains an agreement to arbitrate that is prominently displayed in the center of the page with a distinctive border. The agreement reads:

> **Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
> If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com. If not resolved within 60 days, you agree that any dispute arising out of or relating toany aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

2

We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiffs or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court. You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

(Exhibit C at 3).

While a customer may opt out by sending a letter to Tesla stating that intention, Plaintiff did not do so. (Exhibit D at ¶ 7). Of note, Tesla maintains letters in which customers opted out of the agreement to arbitrate, but it did not receive such letter from Plaintiff. (*Id.*)

**B. Plaintiff's Lawsuit**

Plaintiff is a pro se litigant who filed this lawsuit on or about January 11, 2022. Dkt 1. This Court granted Plaintiff's leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dkt. 4. Further, the Court ordered the U.S. Marshals Service serve a copy of Plaintiff's Complaint and a waiver of service form upon Tesla. (Exhibit E, USDC ED Wisconsin Order). Thereafter, upon receipt of the Complaint and waiver of service form, on January 28, 2022, Tesla's counsel provided Plaintiff with Stipulated Order of Dismissal, both via email and certified mail, requesting Plaintiff agree to dismiss this matter from District Court and re-file in Arbitration per the terms of the Order Agreement that

Plaintiff previously agreed to on December 3, 2021. (Exhibit A). Plaintiff did not agree to the arbitrate this matter, thereby forcing Tesla to file this Motion to Compel Arbitration. (*Id.*)

Plaintiff fails to lay out its allegations properly and clearly in its Complaint and instead simply makes boilerplate allegations that Tesla is in violation of the following laws: 15 USC §1602(1), 15 USC §1605, 15 USC §1632, 15 USC §1635, 15 USC §1644(d), 15 USC §77(q)(a)(3), 15 USC §1681(q), and 15 USC §6821(a)(2). Plaintiff also alleges Tesla's credit application is somehow fraudulent without providing any explanation to support this allegation. Further, in this civil matter, Plaintiff alleges Tesla is in violation of the following criminal laws: 18 USC §1028(a)(7), 18 USC §1028(a). (Exhibit B at. 3). Plaintiff seeks a Tesla Model Y, and damages more than $2,000,000.

## ARGUMENT

**I.    Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Provision within the Motor Vehicle Order Agreement.**

As meritless as Plaintiff's claims are, they must be arbitrated. All of Plaintiff's allegations fall within the scope of Plaintiff's unambiguous agreement to arbitrate disputes with Tesla "**arising out of or relating to any aspect of the relationship between you and Tesla**" (Exhibit C at 3). Plaintiff's claims are primarily brought under Consumer Credit Protection Laws as Plaintiff is alleging that Tesla's purchase process and in specific, credit application, is fraudulent. As such, Plaintiff's claims on their face arise directly out of the relationship between Plaintiff as a purchaser/consumer and Tesla as the manufacturer/retailer.

Moreover, although there is no uncertainty as to whether Plaintiff's claims should be subject to arbitration, if there was any doubt, the Supreme Court has held that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).

4

## II. The FAA, as well as Wisconsin Law, Requires Compliance with Plaintiff's agreement to Arbitrate with Tesla.

Plaintiff has no state law enforceability defenses to invalidate the arbitration clause here. As noted above, by placing the order for the subject vehicle, Plaintiff specifically agreed to be bound by the MVOA which included the agreement to arbitrate. (Exhibit D, ¶ 3-4). Plaintiff indisputably agreed to, and was on notice of, the arbitration agreement by virtue of the hyperlink to the MVOA and he manifested his assent to the agreement by clicking "Place Order." Courts across the nation have routinely recognized that a customer accepts a "clickwrap" or "clickthrough" agreement's terms in similar circumstances, even in the absence of evidence that the consumer has read the terms of the agreement. (*See, e.g. Ftjea v Facebook, Inc.*, (S.D.N.Y. 2012) 841 F. Supp. 2d 829 (finding that user assented to terms of use and forum selection clause by clicking "Sign Up" where the following text appeared below the button: "By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service" and, at p. 837, collecting cases enforcing forum selection clauses in clickwrap agreements.).) Likewise, in *Wiseley v Amazon.Com, Inc.*, 709 F. App'x 862, 864 (9th Cir. 2017), the court affirmed an order compelling arbitration of an online agreement. The court held that "[t]he notices on Amazon's checkout and account registration pages, which alerted [plaintiff] that clicking on the corresponding action button constituted agreement to the hyperlinked [Conditions of Use], were in sufficient proximity to give [plaintiff] a 'reasonable opportunity to understand' that he would be bound by the additional terns. *Id.* The law is no different in Plaintiff's home state. (See, e.g., *Roustan v. Robinhood Fin.*, No. 2021AP984, at *2 (Wis. Ct. App. Feb. 10, 2022 (the court affirmed an order compelling arbitration of an online agreement that took the form of a "clickwrap" agreement which required Plaintiff to "affirmatively click a box on [Robinhood's] website acknowledging awareness of an agreement to the terms of service before [plaintiff] [was] allowed to proceed with further utilization of the website."). These cases are not isolated examples as courts commonly

enforce hyperlinked agreements.[1] The same result follows here as Plaintiff electronically accepted the terms and conditions of the MVOA.

The FAA also requires enforcement of Plaintiff's arbitration agreement. Specifically, under the FAA, Plaintiff's arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the reconviction of any contract," (9 U.S.C. § 2.) As the U.S. Supreme Court has explained," [t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). This "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary," *Id.* at 346 (quotation marks omitted); *accord, e.g., Murphy v. DirecTV, Inc.* (9th Cir. 2013) 724 F. 3d 1218, 1225.) The FAA not only "preempts any state rule discriminating on its face against arbitration—for example, a "law prohibit[ing] outright the arbitration of a particular type of claim'," but also "displaces any rule that covertly accomplishes the same objective by disfavoring contracts that . . . have the defining features of arbitration agreements." *Kindred Nursing Ctrs. Ltd. v. Clark*, 137 S. Ct. 1421, 1426 (2017; *Chamber of Commerce of the United States v. Bonta*, 13 F.4th 766, 775 (9th Cir. 2021). Here, no grounds "exist at law or in equity for the revocation of [Plaintiff's arbitration agreement]". (9 U.S.C. § 2). Any contention, for instance, that the arbitration provision is unconscionable would conflict with binding precedent from both the Wisconsin Courts and United States Supreme Court.

Indeed, Wisconsin law is clear that the policy in the state is to "promote arbitration as a viable and valuable form of alternative dispute resolution." *Maryland Cas. Co. v. Seidenspinner*, 181 Wis.

---

[1] *See, e.g.*, *Swift v. Zynga Game Network, Inc.*, 805 F. Supp, 2d 904, 908 (N.D. Cal. 2011) (hyperlink was colored blue immediately below the "I Accept" button; *Cairo, Inc. v. Crossmedia Servs., Inc.*, No. 04-cv-04825-JW, 2005 WL 756610, at *2 (N.D. Cal. Apr. 1, 2005) (the hyperlink was underlined and highlighted).

6

2d 950, 955, 512 N.W.2d 186 (Wis. Ct. App. 1994); *Madison Teachers v. Education Ass''n Council*, 285 Wis. 2d 737, 745 (Wis. Ct. App. 2005). "There is, in fact, a presumption in favor of arbitrability." *Id.* (*See* also *Meshel v. Ohev Sholom Talmud Torah*, 869 A.2d 343, 362 (D.C. 2005). In fact, inspired by and similar to the FAA, the Wisconsin Arbitration Act, which governs the enforceability of arbitration agreements in the State of Wisconsin provides that "[a] provision in any written contract to [arbitrate] . . . shall be valid, irrevocable and enforceable except upon such grounds as exit at law or in equity for the revocation of any contract." Wis. Stat. §7888.01. Here, there are no grounds for the revocation of the arbitration agreement as there is no indicia that the arbitration clause was a result of fraud, duress, or unconscionable. Accordingly, the arbitration agreement in this case must be enforced.

Further, Wisconsin courts have established that "arbitration is a matter of contract" and when construing contracts that were freely entered into, the court has recognized its goal "is to ascertain the true intentions of the parties as expressed by the contractual language." *Riley v. Extendicare Health Facilities, Inc.*, 826 N.W.2d 398, 403 (Wis. Ct. App. 2012). "The best indication of the parties' intent is the language of the contract itself, for that is the language the parties saw fit to use" *Id.* Here, as mentioned above, the language in the Order Agreement is clear. Pursuant to the terms of the agreement, Plaintiff agreed to arbitrate concerns or disputes with Tesla **arising out of or relating to any aspect of the relationship** between Plaintiff and Tesla. Indisputably, this includes, but is not limited to, the categories of disputes referenced in Plaintiff's Complaint including the credit application associated with Plaintiff's attempt to purchase the subject vehicle. Thus, both the FAA and Wisconsin law mandates arbitration of this matter and this Court must enter an Order compelling Plaintiff to participate in arbitration with the American Arbitration Association under the Terms and Conditions Plaintiff expressly agreed to.

## <u>CONCLUSION</u>

A district court may dismiss an action outright when the court determines that all of the claims raised in the action are subject to arbitration. *Mayer v. Soik*, No. 2020AP199, 10.n. (Wis. Ct. App. July 21, 2021). Here, Plaintiff's claims are clearly subject to binding arbitration for the reasons stated above and as supported by both federal and state law. As such, the Court should grant Tesla's motion and order that binding arbitration be compelled in accordance with the Motor Vehicle Order Agreement. As there is no reason to keep this case open on the Court's docket, the Court should dismiss this case and enter an order compelling Plaintiff to submit his claims to the American Arbitration Association consistent with the requirements of the governing arbitration agreement.

Respectfully submitted,

BOWMAN AND BROOKE LLP

Dated: March 2, 2022

BY:     /s/ Matthew G. Berard
        Matthew G. Berard
        Matin Fallahi
        *Attorneys for Tesla, Inc.*
        41000 Woodward Ave., Ste. 200 East
        Bloomfield Hills, MI 48304
        248.205.3300 ph / 248.205.3399 fax
        matthew.berard@bowmanandbrooke.com
        matin.fallahi@bowmanandbrooke.com

## CERTIFICATE OF SERVICE

That on March 2, 2022 the undersigned hereby certifies that a copy of the foregoing document in the above-captioned proceeding has been filed through the PACER e-filing system, upon the following:

Christopher Ball
Pro Se
8619 W Hemlock St
Milwaukee, WI 53224
christopheroball@yahoo.com

BOWMAN AND BROOKE LLP

BY:    /s/ Matthew G. Berard
       Matthew G. Berard
       Matin Fallahi
       *Attorneys for Tesla, Inc.*
       41000 Woodward Ave., Ste. 200 East
       Bloomfield Hills, MI 48304
       248.205.3300 ph / 248.205.3399 fax
       matthew.berard@bowmanandbrooke.com
       matin.fallahi@bowmanandbrooke.com

# Exhibit A

| | |
|---|---|
| **From:** | Matin Fallahi |
| **To:** | Christopher Ball |
| **Cc:** | Matthew Berard; Jackie Douglas |
| **Subject:** | RE: Christopher Ball v Tesla, Inc. |
| **Date:** | Monday, January 31, 2022 10:49:53 AM |

Hi Mr. Ball,

Thank you for your response. I understand you do not agree to dismiss this matter from District court and re-file in arbitration. As such, Tela will move forward with filing its Motion to Compel Arbitration.

However, **please confirm you will be filing the Waiver of Summons that was attached to the Complaint**. As Tesla has agreed to waive service and we have provided you with the waiver, per the instructions and Court Rules, **it is your responsibility to now file the Waiver with the Court.** As a reminder, because Tesla has agreed to waive service, this allows **Tesla 60 days from 1/11/2022 to file its Responsive Pleadings (or until March 11, 2022)**.

Thank you,

**Matin Fallahi**
Associate
+1.248.205.3339

---

**From:** Christopher Ball <christoperoball@yahoo.com>
**Sent:** Friday, January 28, 2022 11:09 PM
**To:** Matin Fallahi <Matin.Fallahi@bowmanandbrooke.com>
**Cc:** Jackie Douglas <jackie.douglas@bowmanandbrooke.com>
**Subject:** Re: Christopher Ball v Tesla, Inc.

Hello Mr Fallahi,

I received your email and I regret to inform you that I will not be signing that Waiver of Summons.

Separately, if your party wants to file your Motion to Compel Arbitration, be my guest. My position will be that due to the multiple fraudulent acts committed in the buying process of the Tesla Model Y, the arbitration clause is voidable under federal law, specifically 15 USC § 80a-46.

Thank you,
Christopher Ball


Sent from Yahoo Mail for iPhone

Hello Mr. Ball,

I am an Attorney at Bowman and Brooke and I represent Tesla in the above mentioned lawsuit.

Please see the attached signed Waiver of Summons. You will also receive a copy of the Waiver in the mail to the address provided in the Complaint. Per the instructions and court's rules, **please confirm that you will file the Waiver with the Court, allowing Tesla 60 days from 1/11/2022 to file its Responsive Pleadings (or until March 11, 2022)**.

Separately, it is Tesla's position that this matter should not have been filed in the courts and should have instead been filed in arbitration. Attached you will find the Order Agreement that you previously agreed to. **The Order Agreement requires you to submit any claim or dispute to Tesla and if the dispute is not resolved within 60 days, the dispute will be decided and administered by the American Arbitration Association ("AAA") instead of by a judge or jury. As such, Tesla asks that you arbitrate this matter, and Tesla will pay the arbitration fees, pursuant to the terms of the Order Agreement**.

**Accordingly, we have attached a Stipulated Order of Dismissal** which would serve to dismiss this matter from District Court and notify the Court that you will be re-filing this matter in arbitration. If you do not agree, Tesla will file what is known as a Motion to Compel Arbitration and the Court may then order that this matter be dismissed and that you must re-file in arbitration.  Please respond within seven (7) days.

Thank you,

**Matin Fallahi**
Associate
+1.248.205.3339  I  matin.fallahi@bowmanandbrooke.com



_____

Note: This electronic mail is intended to be received and read only by certain individuals. It may contain information that is attorney-client privileged or protected from disclosure by law. If it has been misdirected, or if you suspect you have received this in error, please notify me by replying and then delete both the message and reply. Thank you.

# Exhibit B

**RECEIVED**

By U.S. Marshals Service, Eastern Wisconsin at 9:59 am, Jan 11, 2022

# COMPLAINT

### (for non-prisoner filers without lawyers)

CLERK USDC EDWI
FILED

## UNITED STATES DISTRICT COURT 2022 JAN -4 P 12: 34
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Christopher Ball

v.

(Full name of defendant(s))

Tesla Motors, Inc

Case Number:

22-C-0005

(to be supplied by Clerk of Court)

## A.   PARTIES

1.   Plaintiff is a ~~citizen~~ consumer of ___Wisconsin___ and resides at
(State)

___8619 West Hemlock Street___
~~(Address)~~
Abode

(If more than one plaintiff is filing, use another piece of paper.)

2.   Defendant ___Tesla Motors, Inc___
(Name)

Complaint – 1

is (if a person or private corporation) a citizen of California

(State, if known)

and (if a person) resides at 3500 Deer Creek Rd, Palo Alto, CA, 94304

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.    STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.    Who violated your rights;
2.    What each defendant did;
3.    When they did it;
4.    Where it happened; and
5.    Why they did it, if you know.

See next page

Complaint – 2

## B.    STATEMENT OF CLAIM

On December 3, 2021, the plaintiff, Christopher Ball, engaged in a consumer credit transaction with the defendant, Tesla Motors, Inc for a vehicle. Ball chose the Tesla Model Y and paid a $250 reservation fee. Ball received an order agreement from Tesla Motors for the vehicle. Ball applied for financing under a credit plan for which the plaintiff's social security card (credit card under 15 USC §1602(l)) was charged electronically through a fraudulent loan application. The application was processed by Tesla Motors, US Bank, TD Auto Finance, JPMorgan Chase, Wells Fargo, BMO Harris Bank, Alliant Credit Union and Technology Credit Union. Ball was denied his right to credit due to "a low FICO score and delinquencies"on the plaintiff's credit file. This unfair action placed 5 different inquiries on the credit file of Ball. Under 12 USC §1431, neither Tesla Motors nor the aforementioned banks have the power to extend credit which makes the credit application provided by the defendant deceptive and fraudulent. Ball has suffered humiliation and depression due to the unfair actions of Tesla Motors. Ball is seeking remedy and damages for the unfair actions of Tesla Motors, Inc which are in violation of the following laws:

15 USC §1605
15 USC §1632
15 USC §1635
15 USC §1644(d)
15 USC §77q(a)(3)
15 USC §1681q
15 USC §6821(a)(2)
18 USC §1028(a)(7)
18 USC §1028A

C.    JURISDICTION

☑    I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐    I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ _____.

D.    RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

See next page

Complaint – 4

Case 2:22-cv-00005-LA   Filed 01/04/22   Page 4 of 6   Document 1
Case 2:22-cv-00005-LA   Filed 03/02/22   Page 18 of 39   Document 9

D.  RELIEF WANTED

Ball would like the court to award the Tesla Model Y that was purchased and the following fines:

**Violation of 15 USC §1605**: $5,000 pursuant to 15 USC §1611

**Violation of 15 USC §1632 and 15 USC §1635**: Double the newly calculated finance charge (to include car insurance of the plaintiff's discretion and any other fees incurred that are in accordance with 15 USC §1605), $5,000 for §1632 and $5,000 for §1635 pursuant to 15 USC §1640(2)(A)(iii)

**Violation of 15 USC §1644(d):** $10,000 pursuant to 15 USC §1644

**Violation of 15 USC §77q(a)(3):** $10,000 pursuant to 15 USC §77x

**Violation of 15 USC §1681q:** Fine under title 18

**Violation of 15 USC §6821:** Pursuant to 15 USC §6823(a) this unfair action should be fined under title 18.

**Violation of of 18 USC §1028(a)(7), 18 USC §1028A, 15 USC §1681q and 15 USC §6821:** these unfair actions should be viewed as felonies for which a $500,000 fine should be assessed per action equaling $2,000,000 pursuant to 18 USC §3571(c)(3).

E.    JURY DEMAND

I want a jury to hear my case.

☐ – YES          ☑ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___30___ day of ___December___ 20_2_1_ .

Respectfully Submitted,

_signature_

Signature of Plaintiff

(414) 405-0956
Plaintiff's Telephone Number

ChristopherOBall@yahoo.com
Plaintiff's Email Address

8619 West Hemlock Street

Milwaukee, WI 53224
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☑    **I DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐    **I DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5
Case 2:22-cv-00005-LA   Filed 01/04/22   Page 6 of 6   Document 1
Case 2:22-cv-00005-LA   Filed 03/02/22   Page 20 of 39   Document 9

**RECEIVED**

By U.S. Marshals Service, Eastern Wisconsin at 9:59 am, Jan 11, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER BALL,**
**Plaintiff,**

**v.**                                                         Case No. 22-C-0005

**TESLA MOTORS, INC.,**
**Defendant.**

---

## ORDER

Plaintiff Christopher Ball has filed an action in this court and has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Because a review of his request shows that he meets the poverty requirements of § 1915(a), **IT IS ORDERED** that the request is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 10th day of January, 2022.

s/Lynn Adelman
LYNN ADELMAN
District Judge

**RECEIVED**

By U.S. Marshals Service, Eastern Wisconsin at 12:01 pm, Jan 11, 2022

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| **Christopher Bell** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 22-cv-5 |
| **Tesla Motors, Inc** | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____ Christopher Bell _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____01/11/2022_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

               _____
                *Signature of the attorney or unrepresented party*

_____
   Tesla Motors Inc

*Printed name of party waiving service of summons*        _____
                 *Printed name*

                 _____
                 *Address*

                 _____
                 *E-mail address*

                 _____
                 *Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.



**RECEIVED**
By U.S. Marshals Service, Eastern Wisconsin at 12:01 pm, Jan 11, 2022

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| **Christopher Bell** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    22-cv-5 |
| **Tesla Motors, Inc** | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:    Tesla Motors Inc
     *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____30_____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____01/11/2022_____

 

                             *Signature of the attorney or unrepresented party*

                                Christopher Bell
                                 *Printed name*

                                 *Address*

                                 *E-mail address*

                                 *Telephone number*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Christopher Bell

**Plaintiff(s),**

**RECEIVED**

*By U.S. Marshals Service, Eastern Wisconsin at 12:01 pm, Jan 11, 2022*

**v.**

**Case No.   22-cv-5**

Tesla Motors Inc

**Defendant(s).**

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

**This form must be filed with the Clerk of Court within 21 days of receipt. Although choosing to have your case decided by a magistrate judge is optional and refusal will not have adverse substantive consequences, the timely return of this completed form is mandatory.**

**If you do not consent to a magistrate judge hearing your case, a district judge will hear your case. Aside from cases subject to the Prison Litigation Reform Act, magistrate judges in this district generally play no further role in civil cases pending before district judges and do not issue reports and recommendations.**

**Magistrate judges do not conduct felony trials, and therefore felony trials do not interfere with scheduling and processing of cases before magistrate judges.**

<u>**Check one:**</u>

☐    The undersigned attorney of record or pro se litigant **consents** to have Magistrate Judge <u>William E. Duffin</u> conduct all proceedings in this case, including a bench or jury trial, and enter final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b).

☐    The undersigned attorney of record or pro se litigant **refuses** to have a magistrate judge enter final judgment in this matter.

Signed this ____ day of _____, _____.

       (date)            (month)       (year)

_____
Signature of counsel of record or pro se litigant
☐ Plaintiff / petitioner (attorney or pro se litigant)
☐ Defendant / respondent (attorney or pro se litigant)
☐ Other party

## ASSIGNMENT OF CIVIL CASES
## EASTERN DISTRICT OF WISCONSIN

At the time a new civil action is filed, it is assigned by random selection to either a district judge or a magistrate judge in accordance with the local rules. Pursuant to the provisions of 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure, a United States Magistrate Judge may, with the consent of the parties, conduct all proceedings in this civil action, including a bench or jury trial and order the entry of judgment. The statute provides for direct appeal to the U.S. Court of Appeals for the Seventh Circuit.

Once the assigned district or magistrate judge has been selected, the local rules of this district require that each party to the action receive a copy of the "consent form." Each party shall complete the form and file it with the Clerk of Court **within 21 days** after its receipt.

If this case has been randomly assigned to a **district judge** and all parties consent to have the magistrate judge conduct all proceedings in the case, the district judge may enter an order transferring the case to the magistrate judge.

If this case has been randomly assigned to a **magistrate judge** and not all parties consent, then the case will be reassigned by random selection to a district judge. If all parties consent, the magistrate judge will conduct all proceedings in the action.

While the decision to consent or not to consent to the exercise of jurisdiction by the magistrate judge is entirely voluntary, the duty to respond to this order is **mandatory**. Your response shall be made to the Clerk of Court only on the form on the reverse side of this notice.

**IT IS THEREFORE ORDERED**, that you complete this form and file it with the Clerk of Court within **twenty-one (21) days** from receipt.

UNITED STATES DISTRICT COURT

Honorable Pamela Pepper,
Chief Judge

(Rev. 11/25/2019)

**U.S. Department of Justice**

*United States Marshals Service*
*Eastern District of Wisconsin*

*517 East Wisconsin Ave, Suite 711*
*Milwaukee, WI 53202*

Official Business
Penalty for Private Use $300



TESLA MOTORS, INC
ATTN: OFFICE OF GENERAL COUNSEL
3500 DEER CREEK RD
PALO ALTO, CA 94304

# Exhibit C



# Motor Vehicle Order Agreement

## Vehicle Configuration

**Customer**

Christopher Ball

(414) 405-0956
christopheroball@yahoo.com

| **Order Number** | RN116173346 |
| **Order Fee** | $250 |
| **Order placed with electronically accepted terms** | 12/03/2021 |

Price indicated does not include taxes and governmental fees, which will be calculated as your delivery date nears. You will be responsible for these additional taxes and fees.

| Description | Price (USD) |
| --- | --- |
| Model Y Long Range Dual Motor All-Wheel Drive | $58,990 |
| Midnight Silver Metallic Paint | Included |
| 19" Gemini Wheels | Included |
| All Black Premium Interior | Included |
| Five Seat Interior | Included |
| Autopilot | Included |
| Full Self-Driving Capability | $10,000 |
| **Subtotal** | **$68,990** |
| Destination and Documentation Fee | $1,200 |
| Order Fee | $250 |
| **Total** | **$70,440** |



## Motor Vehicle Order Agreement
### Terms & Conditions

**Documentation.** Your Motor Vehicle Order Agreement (the "Agreement") is made up of the following documents:

1. <u>Vehicle Configuration</u>: The Vehicle Configuration describes the vehicle that you configured and ordered, including pricing (excluding taxes and official or government fees).

2. <u>Final Price Sheet</u>: The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle Configuration and will include taxes and official or governmental fees.

3. <u>Terms & Conditions</u>: These Terms & Conditions are effective as of the date you place your order and make your Order Fee (the "Order Date").

**Agreement to Purchase.** You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla, Inc. or its affiliate ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement. Your Vehicle is priced and configured based on features and options available at the time of order and you can confirm availability with a Tesla representative. Options, features or hardware released or changed after you place your order may not be included in or available for your Vehicle. If you are purchasing a used Vehicle, it may exhibit signs of normal wear and tear in line with its respective age and mileage.

**Purchase Price, Taxes and Official Fees.** The purchase price of the Vehicle is indicated in your Vehicle Configuration. This purchase price does not include taxes and official or government fees, which could amount to up to 10% or more of the Vehicle purchase price. Because these taxes and fees are constantly changing and will depend on many factors, such as where you register the Vehicle, they will be calculated closer to the time of delivery and indicated on your Final Price Sheet. You are responsible for paying these additional taxes and fees. If Tesla is registering your Vehicle, this will be due when you pay the purchase price. If you are registering your Vehicle in a self-registration state, the sales tax and state-applicable registration fees may be due at time of registration. If you present a check for any payment, we may process the payment as a normal check transaction, or we may use information from your check to make a one-time electronic fund transfer from your account, in which case your bank account will reflect this transaction as an Electronic Fund Transfer. If you are purchasing a used Vehicle, your Order Deposit will be applied to your Purchase Price.

**Order Process; Cancellation; Changes.** After you submit your completed order, we will begin the process of preparing and coordinating your Vehicle delivery. At this point, you agree that any paid Order Fee, Order Deposit and Transportation fee have been earned. If you cancel your order or breach this Agreement and we cancel your order, you agree that we may retain as liquidated damages the Order Fee, Order Deposit and Transportation Fee, to the extent not otherwise prohibited by law. You acknowledge that the Order Fee, Order Deposit and Transportation Fee are a fair and reasonable estimate of the actual damages we have incurred or may incur in transporting, remarketing, and reselling the Vehicle, costs which are otherwise impracticable or extremely difficult to determine. If you make changes to your order, you may be subject to potential price increases for any pricing adjustments made since your original Order Date. Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement. The Order Fee, Order Deposit, Transportation Fee and this Agreement are not made or entered into in anticipation of or pending any conditional sale contract.

**Delivery; Transfer of Title.** If you are picking up your Vehicle in a state where we are licensed to sell the Vehicle, we will notify you of when we expect your Vehicle to be ready for delivery at your local Tesla Delivery Center, or other location as we may agree to. You agree to schedule and take delivery of your Vehicle within three (3) days of this date. If you do not respond to our notification or are unable to take delivery within the specified period, your Vehicle may be made available for sale to other customers. For new vehicles, if you do not take delivery within thirty (30) days of our first attempt to notify you, Tesla may cancel your order and keep your Order Fee.

If you wish to pick up or take delivery of your Vehicle in a state where we are not licensed to sell the Vehicle, or if you and Tesla otherwise agree, Tesla will, on your behalf and at your cost, coordinate the shipment of your Vehicle to you, generally from our factory in California or another state where we are licensed to sell the Vehicle. In such a case, you agree that this is a shipment contract under which Tesla will coordinate the shipping of the Vehicle to you via a third-party common carrier or other mode of transport. You agree that delivery of the Vehicle, including the transfer of title and risk of loss to you, will occur at the time your Vehicle is loaded onto the transport (i.e., FOB shipping point). During such transit, your Vehicle will be insured at no cost to you, and you will be the beneficiary of any claims for damage to the Vehicle or losses occurring while the Vehicle is in transit. To secure your final payment and performance under the terms of this Agreement, we will retain a security interest in the Vehicle and all proceeds therefrom until your obligations have been fulfilled.

If you choose to pick up or take delivery of your Vehicle in a state in which we are not licensed to sell the Vehicles, the Vehicle may be delivered or shipped to you from a state in which Tesla likewise does not have a license to sell the Vehicles. In such a case, you agree that the sale is transacted, and legal title to the Vehicle transfers to you, in the State of California, at the later of the time that (i) you make your final payment to Tesla in California or (ii) Tesla approves your purchase from a sales or delivery location in California (if applicable).

The estimated delivery date of your Vehicle, if provided, is only an estimate as we do not guarantee when your Vehicle will actually be delivered. Your actual delivery date is dependent on many factors, including your Vehicle's configuration and manufacturing availability.

**Incentives.** Tesla makes no promises, warranties or guarantees regarding your eligibility for any incentives, rebates and tax credits (the "Incentives") related to the Vehicle. If Tesla has credited your Purchase Price for the amount of an Incentive, but you do not qualify for the Incentive at no fault of Tesla's, you shall reimburse Tesla for the amount of the credit.

Case 2:22-cv-00005-LA   Filed 03/02/22   Page 30 of 39   Document 9



**Premium Connectivity.** A trial of Premium Connectivity will be included following delivery of the Vehicle. Once this trial is over as detailed at www.tesla.com/support/connectivity, you may subscribe to Premium Connectivity or your Vehicle will return to Standard Connectivity. Features included in Premium Connectivity are subject to change and may be limited or unavailable due to Obsolete Hardware. You understand and agree that the cellular or other network needed for any Connectivity is provided by your local telecommunications company and other external providers, and that we are not liable for any parts, software, upgrades or any other costs (including labor) needed to use or maintain network connectivity or compatibility with any features or services externally supplied to the Vehicle. Any connectivity issues (including for quality, functionality or coverage) or gaps in service unrelated to a hardware fault or failure are not covered by Tesla warranties.

**Obsolete Hardware and Future Firmware Updates.** The Vehicle will regularly receive over-the-air software updates that add new features and enhance existing ones over Wi-Fi. Future software updates may not be provided for your Vehicle, or may not include all existing or new features or functionality, due to your Vehicle's age, configuration, data storage capacity or parts, after the expiration of your Warranty. We are not liable for any parts or labor or any other cost needed to update or retrofit the Vehicle so that it may receive these updates, or any Vehicle issues occurring after the installation of any software updates due to obsolete, malfunctioning (except as covered by your Warranty) or damaged hardware.

**Privacy Policy; Payment Terms for Services; Supercharger Fair Use Policy.** Tesla's Customer Privacy Policy; Payment Terms for Services and Supercharger Fair Use Policy are incorporated into this Agreement and can be viewed at www.tesla.com/about/legal.

**Warranty.** You will receive the Tesla New Vehicle Limited Warranty or the Tesla Used Vehicle Limited Warranty, as applicable, at or prior to the time of Vehicle delivery or pickup. You may also obtain a written copy of your warranty from us upon request or from our website.

**Limitation of Liability.** We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Fee, Order Deposit and Transportation Fee.

---

**Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").

If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.

If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

---

**No Resellers; Discontinuation; Cancellation.** Tesla and its affiliates sell cars directly to end-consumers, and we may unilaterally cancel any order that we believe has been made with a view toward resale of the Vehicle or that has otherwise been made in bad faith, and we'll keep your Order Fee, Order Deposit and Transportation Fee. This includes orders for which a third-party is facilitating or brokering the sale, or if the vehicles are to be exported to somewhere other than where you tell us you will be registering the Vehicle. We may also cancel your order and refund your Order Fee, Order Deposit and Transportation Fee if we discontinue a product, feature or option after the time you place your order. We work to fulfill your order as quickly as we can. If you do not take delivery of your Vehicle within ninety (90) days of placing your order at no fault of Tesla's, we may cancel your order and keep your Order Fee, Order Deposit and Transportation Fee. Alternatively, Tesla may give you the option to reconfigure your Vehicle at the current pricing.

**Default and Remedies.** You will be in default of this Agreement if you provide false or misleading information in your order, or do anything else the law says is a default. If you are in default, we may, after any legally required notice or waiting period: (i) do anything to protect our interest in the Vehicle, including repossessing the Vehicle using legally permitted means, (ii) locate and disable the Vehicle electronically using our remote dynamic vehicle connection described in our Privacy Policy, (iii) sue you for damages or to get the Vehicle back, and/or (iv) charge you for amounts we spend taking these actions.

**Governing Law; Integration; Assignment.** Except as provided below, the terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in which we are licensed to sell motor vehicles that is nearest to your address indicated on your Vehicle Configuration. Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

**State-Specific Provisions.** You acknowledge that you have read and understand the provisions applicable to you in the State-Specific Provisions attachment to this Agreement.

This Agreement is entered into and effective as of the date you accept this Agreement, by electronic means or otherwise. By confirming and accepting this Agreement, you agree to the terms and conditions of this Agreement.



**State Specific Provisions**

For **NEW YORK** residents: If the Vehicle is not delivered in accordance with the Agreement within 30 days following the estimated delivery date, you have the right to cancel the Agreement and receive a full refund, unless the delay in delivery is attributable to you.

For **MASSACHUSETTS** residents: ATTENTION PURCHASER: All vehicles are WARRANTED as a matter of state law. They must be fit to be driven safely on the roads and must remain in good running condition for a reasonable period of time. If you have significant problems with the Vehicle or if it will not pass a Massachusetts inspection, you should notify us immediately. We may be required to fix the car or refund your money. THIS WARRANTY IS IN ADDITION TO ANY OTHER WARRANTY GIVEN BY US.

For **MICHIGAN** residents and purchasers: The terms of this Agreement are governed by, and are to be interpreted according to, Michigan law. The sale of your vehicle will be transacted outside of Michigan, and in a state in which Tesla has a license to sell vehicles, as explained in the body of the Agreement.

For **WASHINGTON, D.C.** residents:

NOTICE TO PURCHASER

IF, AFTER A REASONABLE NUMBER OF ATTEMPTS, THE MANUFACTURER, ITS AGENT, OR AUTHORIZED DEALER IS UNABLE TO REPAIR OR CORRECT ANY NON-CONFORMITY, DEFECT, OR CONDITION WHICH RESULTS IN SIGNIFICANT IMPAIRMENT OF THE MOTOR VEHICLE, THE MANUFACTURER, AT THE OPTION OF THE CONSUMER, SHALL REPLACE THE MOTOR VEHICLE WITH A COMPARABLE MOTOR VEHICLE, OR ACCEPT RETURN OF THE MOTOR VEHICLE FROM THE CONSUMER AND REFUND TO THE CONSUMER THE FULL PURCHASE PRICE, INCLUDING ALL SALES TAX, LICENSE FEES, REGISTRATION FEES, AND ANY SIMILAR GOVERNMENT CHARGES. IF YOU HAVE ANY QUESTIONS CONCERNING YOUR RIGHTS, YOU MAY CONTACT THE DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS.

Seller certifies that the information contained in the itemization of the purchase price, including the Vehicle Configuration, and required by Chapter 3 (Buying, Selling and Financing Motor Vehicles) of Title 16 of the Code of D.C. Municipal Regulations, is true to the best of our knowledge.

For **RHODE ISLAND** residents: Rhode Island law requires that all motor vehicles sold at retail must be in such condition as to pass a State safety inspection at the time of sale so as to protect consumers.

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHRISTOPHER BALL<br><br>         Plaintiff,<br><br>   vs.<br><br>TESLA, INC.,<br><br>         Defendant. | Case No. 22-C-0005<br><br>Judge: Hon. Lynn Adelman<br><br>**DECLARATION OF RAYMOND KIM IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO COMPEL BINDING ARBITRATION** |

<u>**DECLARATION OF RAYMOND KIM IN SUPPORT OF DEFENDANT TESLA, INC'S MOTION TO COMPEL BINDING ARBITRATION**</u>

I, Raymond Kim, declare:

      1.     I am over 18 years of age. I am aware of the following of my own personal knowledge and my review of relevant documents, and if called as a witness, could and would testify competently thereto.

      2.     I am a Staff Business Resolution Partner at Tesla, Inc. ("Defendant" or "Tesla"), the Defendant in this matter. In my position, I am familiar with the service and sales of Tesla vehicles, including the related creation and record-keeping procedures. I am also familiar with those processes as of the date of the subject transaction involving Plaintiff. Based on such personal knowledge and my review of Tesla's file for the vehicles at issue in this matter, I am able to declare the following.

      3.     OVERALL SUMMARY: As described in the paragraphs below in more detail, Plaintiff ordered a 2021 Tesla Model Y (hereinafter "Subject Vehicle") which Plaintiff ordered from Tesla on or about December 3, 2021. Upon initially placing the order for the vehicle, Plaintiff electronically accepted the terms and conditions of the Motor Vehicle Order Agreement ("MOVA") online.

4.     Plaintiff placed an order for the subject vehicle by clicking a button that read "Place Order" on Tesla's website.  Plaintiff would not have been able to place the order without clicking this button on Tesla's website or authorizing someone to do so on his behalf.  Directly above the "Place Order" button appeared a bolded notice advising Plaintiff that by clicking "Place Order" Plaintiff would be agreeing to the terms and condition of the MVOA.  A blue highlighted link to the MVOA appeared in this bolded notice directly above the "Place Order Button." If Plaintiff clicked on this hyperlink, a new window would open with the MVOA and policy described in the hyperlink.

5.     The MVOA is stored by Tesla in an electronic file containing all of the documents related to the subject transactions.  The MOVA was made at or near the time of the order of the subject vehicle; it was made by or from information transmitted to or from sales personnel with knowledge of the sales transaction; it has been kept in the ordinary course of business; and it is the regular practice of Tesla to make such records.

6.     Page 3 of the MVOA contains an arbitration provision.  That provision reads, in pertinent part, as follows (all bold, italicized, and/or capitalized formatting is in the original):

**Agreement to Arbitrate.**  Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates (together "Tesla").

If you have a concern or dispute, please send a written notice describing it and your desired resolution to [resolutions@tesla.com](mailto:resolutions@tesla.com).

If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules.  This includes claims arising before this Agreement, such as claims related to statements about our products.

We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence.  To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to [www.adr.org](http://www.adr.org).

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties.  The arbitrator cannot hear class or representative

claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

7.      While the MVOA allows the customer to opt out of the agreement to arbitrate by sending a letter to Tesla stating that intention, Plaintiff did not do so. Tesla maintains customer opt-outs from the arbitration agreement in the ordinary course of business, but it has not received any such letter from Plaintiff. I searched Tesla's opt-outs to confirm same.

8.      Once the order is placed, a copy of the MVOA is then uploaded to the online account, sometimes referred to as "MyTesla Account" associated with the vehicle where it can be viewed at any time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed on March 1, 2022, at Los Angeles, California.

_____
Raymond Kim

# Exhibit E

**RECEIVED**

By U.S. Marshals Service, Eastern Wisconsin at 9:59 am, Jan 11, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER BALL,**
       **Plaintiff,**

   **v.**                             **Case No. 22-C-0005**

**TESLA MOTORS, INC.,**
       **Defendant.**

---

## ORDER

Plaintiff Christopher Ball has filed an action in this court and has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Because a review of his request shows that he meets the poverty requirements of § 1915(a), **IT IS ORDERED** that the request is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendant or its counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 10th day of January, 2022.

s/Lynn Adelman
LYNN ADELMAN
District Judge